**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                               )
**Third Church of Christ, Scientist**        )
**Washington, D.C.**                          )
**900 16th Street NW**                        )
**Washington, DC 20006**                      )
                               )
          **Plaintiff,**                      )
                               )
          **v.**                              )
                               )          **Civil Action No. 08-01371  (JR)**
**District of Columbia Historic**             )
**Preservation**                             )
**Review Board et al.**                      )
**801 North Capitol Street NE**              )
**Washington, DC 20002**                      )
                               )
                               )
          **Defendants[1].**                  )
_____ )

**DEFENDANTS' MOTION TO DISMISS AND/OR IN THE ALTERNATIVE, A**
**MOTION TO STAY PROCEEDINGS UNDER THE ABSTENTION DOCTRINE**


Defendants Historic Preservation Review Board ('HPRB') and District of

Columbia and Harriet Tregoning (hereinafter "defendants"), by and through undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 12 (b)(6), hereby move this

Honorable Court to dismiss the Plaintiff's Amended Complaint and/or in the alternative a

motion to stay proceedings under Federal Rule of Civil Procedure 7(b).  As grounds

therefor, the defendants state that**:**

_____

[1] The District of Columbia and Harriet Tregoning, the Mayor's Agent for
Historic Preservation are also named as Defendants.

1)   On or about August 7, 2008, the Plaintiff filed its Complaint alleging that the defendants' historic preservation process violated the First Amendment's Free Exercise Clause, RLUIPA and RFRA. *See* Complaint, generally. *See* Docket #1. The defendants moved to dismiss the complaint and on April 7, 2009, this Court issued an order denying the Defendant's motion to dismiss Plaintiff complaint. *See* 4/7/09 Minute Order.

2)   On May 12, 2009, the District of Columbia Mayor's Agent for Historic Preservation issued a "Decision and Order" permitting the Plaintiff to demolish its landmarked church, substantially impacting the fundamental underpinnings of Plaintiff's case. *See* Docket # 31,  Notice of Filing, Exhibit 1, Mayor's Agent's Order ("hereinafter referred to as the "Decision and Order").

3)   Subsequent to the Mayor's Agent's May 12, 2009 "Decision and Order", Plaintiff filed an amended complaint on May 21, 2009, but dismissal of Plaintiff's additional as applied claims raised in its Amended Complaint is warranted on substantive and procedural grounds. *See* Docket #32.

4)   On June 9, 2009, an appeal of the Mayor's Agent's May 12, 2009 "Decision and Order", was filed by the D.C. Preservation League and Committee of 100 on the Federal City. *See* attached Appeal as Exhibit 1. The plaintiff may seek to cross-appeal or intervene before the Court of Appeals.

5)   Given the District's historic preservation clearance in the Mayor's Agent's May 12, 2009 "Decision and Order", Plaintiff's claims will essentially be mooted. Moreover, once the Plaintiff's church has razed its building pursuant to the Mayor's Agent's May 12, 2009 "Decision and Order", it will no longer be a

historic landmark, obviating Plaintiff's requested relief.  Therefore, the Mayor's Agent's Decision and Order warrants dismissal of Plaintiff's claims.

6) Moreover, in light of the ongoing proceedings before the District of Columbia Court of Appeals, this Court should decline to exercise jurisdiction or postpone the exercise of its jurisdiction in this matter under the *Colorado River* abstention doctrine Plaintiff's claims.

7) If this Court is inclined to exercise jurisdiction over this matter, in the alternative, the defendants respectfully request this Court to stay the proceedings until such time that an appeal of Mayor's Agent's May 12, 2009  "Decision and Order", before the Court of Appeals has concluded and the Plaintiff can proceed with razing its church. As stated, Plaintiff's requests for relief related to the landmark designation of its church will essentially be mooted by the demolition of such landmark.

8) In addition to Plaintiff's above referenced as applied claims, the Mayor's Agent's May 12, 2009 "Decision and Order", further supports the Defendants' entitlement to dismissal of Plaintiff's facial challenge.


Accordingly, dismissal and/or a stay of these proceedings is appropriate.  A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of
Columbia

3

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation
Division


_____/s/___Ellen Efros_____
ELLEN EFROS [250746]
Assistant Deputy Attorney General, Civil
Litigation Division


_/s/___Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
leah.taylor@dc.gov


## CERTIFICATE PURSUANT TO RULE 7(m)

I hereby certify that on May 19, 2009, the undersigned counsel contacted the

plaintiff's counsel to discuss a stay of the proceeding before the filing of the Amended

Complaint, the alternative relief sought in this motion.  Plaintiff's counsel did not consent

to the motion.  Therefore, this motion to stay should be treated as contested.


_____/s/_____
LEAH BROWNLEE TAYLOR [488966]
 Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
Third Church of Christ, Scientist        )
Washington, D.C.                             )
900 16th Street NW                           )
Washington, DC 20006                       )
                                                )
            Plaintiff,                            )
                                                )
      v.                                         )
                                                )        Civil Action No. 08-01371  (JR)
District of Columbia Historic            )
Preservation                                  )
Review Board et al.                         )
801 North Capitol Street NE             )
Washington, DC 20002                     )
                                                )
                                                )
            Defendants.                        )
_____ )


### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO DISMISS AND/OR IN THE ALTERNATIVE, A MOTION TO STAY PROCEEDINGS UNDER THE ABSTENTION DOCTRINE


      Plaintiff's action challenges the historic landmarking of its church and the historic

preservation process, on grounds that the historic landmarking and its process

impermissibly restrains the church's ability to raze its building and construct a new

church building, in violation of the First Amendment's Free Exercise Clause, RLUIPA

and RFRA. *See* Amended Complaint, generally.  The defendants are entitled to dismissal

of all of Plaintiff's claims raised in its Amended Complaint for the reasons discussed herein.

## *BACKGROUND*

In 1971, Third Church of Christ, Scientist church building was completed in a unique, modern architectural style often referred to as "Brutalism." *See* Amended Complaint at ¶ 14.  In 1991, the Committee of 100, a local land use organization whose mission is to preserve distinctive elements of the city of Washington, applied to have the church building declared a historic landmark under the District of Columbia Historic Preservation Act ("HPA"). *See* Amended Complaint at ¶30.  Following a December 6, 2007 public hearing, the HPRB designated the church building a historic landmark.  *Id*. at ¶32. See also Exhibit 1, Historic Landmark Designation of Third Church of Christ.

Seeking to raze the building and redevelop the site, Plaintiff filed an application for a raze permit for the church building with HPRB.  *See* Amended Complaint at ¶ 53. The HPA effectuates preservation by spelling out circumstances under which the Mayor may approve applications for permits to demolish, subdivide or alter the exterior of a historic landmark or a building in a historic district, or to construct a new structure on the site of a landmark or in a historic district.   D.C. CODE §§ 6-1104(a), 6-1105(a), 6-1106(a), 6-1107(a).  The HPRB is empowered to provide a recommendation to the Mayor's Agent as to whether or not to approve the permit application. D.C. CODE §§ 6-1104(b), 6-1105(b), 6-1106(b) 6-1107(b).  The Historic Preservation Review Board recommended denial of the raze permit application. Subsequently, Plaintiff's sought review of HPRB's decision with the Mayor's Agent.

While awaiting a ruling from the Mayor's Agent, Plaintiff filed a complaint claiming that Third Church's design structure is inadequate to "house its religious programs and its congregation" and that HPRB's designation of the church as a historic landmark designation and "additional" hurdles has prevented the Church from "replacing its place of worship" in a timely manner. *See* Amended Complaint at ¶¶ 21, 58.   The Plaintiff sought declaratory and injunctive relief under RLUIPA, RFRA, and 42 U.S.C. section 1983 to have this designation overturned so that they can demolish the church and build a new house of worship in its place. *See* Amended Complaint at ¶ 3.  Defendants filed a motion to dismiss Plaintiff's claims on several grounds, including abstention, which this Court denied on April 7, 2009.  *See* April 7, 2009 Docket entry, *see also* Docket #6.

On May 12, 2009, the District of Columbia's Director of the Office of Planning and Mayor's Agent for Historic Preservation, Harriet Tregoning, issued a "Decision and Order" concluding that the Church had satisfied its burden of proof that denial of a demolition permit for the landmark building would cause an unreasonable economic hardship, granting Plaintiff's permit to raze its historic landmark and to build a new place of worship. *See* Mayor's Agent's Order, generally.  As plaintiff represented to the Mayor's Agent that its  financing agreement required the building of a new place of worship and planned unit development ("PUD"), the "Decision and Order" allowing a demolition permit of the existing church is conditioned on regulatory approval of the new church and PUD. *See Id.*

Plaintiff then filed an Amended Complaint on or about May 21, 2009 alleging that the "conditions attached to the Demolition Permit Decision require the Plaintiff to endure

a series of administrative processes subject to the discretionary approval" of the Zoning

Commission, HPRB and DCRA, by virtue of the fact that it seeks to construct a new

church building and planned unit development in a historic district that Plaintiff has been

located in for over 17 years. *See* Amended Complaint, generally, at 58F**.**  Plaintiff does

not, however, allege that have filed any applications for regulatory approval or historic

preservation "approval", nor have they have alleged more the speculative facts about how

long the process will take.  *See Id*.  On June 9, 2009, an appeal of that Decision and Order

was filed by the D.C. Preservation League and Committee of 100 on the Federal City. *See*

Exhibit 1.  The plaintiff may seek to cross-appeal or intervene before the Court of Appeals,

but have sought to appeal and seek a petition for review of the Mayor's Agent's Decision

and Order in federal court. *See* Amended Complaint at ¶¶79-80


## ARGUMENT

### A.   <u>Standard for Motion to Dismiss.</u>

The Supreme Court in *Ashcroft v.  Icqbal,* 2009 U.S. LEXIS 3472 (May 18, 2009)

recently clarified and detailed a stricter, more exacting pleading standard by which a

complaint challenged by a Rule 12(b)(6) motion must be judged.  Although "detailed

factual allegations" are not necessary to withstand a Rule 12 (b)(6) motion to dismiss,

under  Federal Rule of Civil Procedure 8(a)(2), the Supreme Court emphasized that a

complaint must contain "sufficient factual matter", accepted as true, to "state a claim to

relief that is plausible on its face," *Id.* at *4, citing *Bell Atlantic Corp.* v. *Twombly*, 550

U.S. 544, 555 (2007).  "A complaint has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.  Icqbal,*  2009 U.S. LEXIS  *at \* 4*, citing  *Bell Atlantic Corp.* v. *Twombly*, 550 U.S.  at 556.  The Supreme Court noted that "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Ashcroft v.  Icqbal,* 2009 U.S. LEXIS at \*5.

The Supreme Court in *Ashcroft* further instructed that

> A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

Here, the Complaint now fails to meet this stricter standard; it is precisely what *Ashcroft* and *Twombly* rejected— in light of the Mayor's Agent's Decision and Order essentially granting the relief requested- freedom from landmark designation, Plaintiff's claims that the Plaintiff's First Amendment, RLUIPA and RFRA rights were infringed as a result of landmarking are factually implausible[2].  Plaintiff's Amended Complaint is void of any identified allegations that form a plausible factual basis to substantiate Plaintiff's claims. The District has permitted the Plaintiff to destroy the historic landmark- it has historic preservation clearance.  Once the church is razed, it is no longer a historic landmark, and therefore no case or controversy exists.

---

[2]  Indeed, whether or not Plaintiff now choose to raze their church is not controlling.  The fact that they have permission to do by the District of Columbia government so miliates against any arguable claim under the First Amendment, RLUIPA or RFRA.

Plaintiff's additional claims raised in Plaintiff's Amended Complaint concerning a subsequent administrative process as plaintiff seeks to build a new church are not ripe for adjudication. Plaintiff has not applied, or <u>pled</u>, for example, that it has applied for a PUD before the Zoning Commission, a building permit to build its church yet before DCRA, or presented architectural plans for construction of its new building before the HPRB. *See* Amended Complaint at 58F.  Plaintiff's Amended Complaint falls far short of establishing any facts that demonstrate its entitlement to relief. Plaintiff's complaint should therefore, be dismissed under Rule 12(b)(6).

**B.     The Court Should Decline to Exercise Jurisdiction or Postpone the Exercise of its Jurisdiction in This Matter Under the Abstention Doctrine.**

As previously stated, abstention is a "threshold question" that should be determined before addressing jurisdiction. *Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 423 n.1 (D.C. Cir. 2006) (citing *Tenet v. Doe*, 544 U.S. 1, n.4 (2005)).  Here, the Court should not exercise subject matter jurisdiction over plaintiff's claims, which are inextricably linked to local land use issues adjudicated and preserved[3] before the Mayor's Agent and currently the subject of a June 9, 2009 appeal before the District of Columbia Court of Appeals, wherein Plaintiff may seek to cross-appeal.

Notably, the Third Circuit in *Sameric Corp. of DE v. City of Philadelphia*, 142 F.3d 582, 597 (3d Cir. 1998),  stressed its "reluctance" to allow the federal "courts to become super land-use boards of appeals." Land-use decisions concern a variety of

---

[3] Plaintiff's First Amendment, RLUIPA and RFRA claims were made a part of the Mayor's Agent's record for purposes of appeal before the District of Columbia Court. of Appeals.

interests and persons, and local authorities are in a better position than the courts to assess the burdens and benefits of those varying interests." 142 F.3d at 598.

Even if this Court determines that it has subject-matter jurisdiction over Plaintiff's claims, it should abstain from exercising it under the *Colorado River* doctrine or other abstention doctrines, until the local, adjudicatory process has been completed as discussed below. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 1976), *see Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943); *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971(1941).

Determining whether abstention is appropriate under this doctrine requires a two-part inquiry. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), *see Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006) citing *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004).  First, the court must determine whether the concurrent state and federal actions are actually parallel.  *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d  at 751.  Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of "exceptional circumstances" that justify abstention. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d  at 751. .

The Seventh Circuit in *Tyrer v. City of South Beloit*, 456 F.3d 744 (7th Cir. 2006) recited four factors used to determine whether exceptional circumstances exist:

> In *Colorado River*, the Supreme Court set forth four such factors for a district court's consideration: the difficulties posed when a state and federal court concurrently assume jurisdiction over the same *res;* the inconvenience of the

> federal forum; the desirability of avoiding piecemeal litigation; and the order in
> which the state and federal proceedings were filed. *See* 424 U.S. at 818-19. In
> *Moses H. Cone*, the Court identified two additional factors relevant to the
> *Colorado River* inquiry: whether state or federal law provides the rule of decision;
> and whether the state action will adequately protect the federal plaintiff's rights.
> *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23-27
> (1983)

*Id.* at 750-51.

Under those factors, the *Tyrer* Court upheld the district court's decision to abstain from exercising jurisdiction over a case involving a demolition order that was first litigated in state court, finding "both cases arise out of substantially the same set of facts, and the legal issues are substantially the same" and the "parties were substantially the same". *Id.* at 750.  The court in *Tyrer* ruled that abstention would not only save judicial resources, but it would also protect against the danger of the two proceedings reaching inconsistent results.

 Applying the factors set forth in the two-part inquiry under *Colorado River*, abstention is clearly warranted in this case.  First, the federal proceedings and local proceedings are parallel.  To be parallel,  "it is not necessary that there be formal symmetry between the two actions." *See Clark*, 376 F.3d at 686.  Suits are parallel when both cases "rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties." *Id*. at 687.   Plaintiff has sought the same relief in both proceedings- freedom from restrictions on landmark designation due to economic hardship. *See* Amended Complaint, generally, *see* Mayor's Agent Decision and Order.

Arguments asserted in Plaintiff's federal complaint regarding the economic burden of maintaining its structure are the same arguments raised before the Mayor's Agent for consideration under the HPA. *See* D.C. Code §6-1002.  *See* Amended

Complaint at ¶¶26, 28, 28A, 58. *See* Mayor's Agent Decision and Order. The ultimate disposition of the Mayor's Agent's Decision and Order, is therefore, central to Plaintiff's as applied challenge.[4]. The final administrative authority on disposition of landmarked buildings under the Historic Protection Act rests with the Mayor's Agent, not the HPRB. *See e.g  N Street Follies Ltd. Partnership v. District of Columbia Bd. of Zoning Adjustment*  949 A.2d 584, 589 (D.C. 2008).  Any landmarked building can cease to lose its landmarked status if, under Mayor's Agent Order, the landmarked building is razed.

The subsequent appellate review of the Mayor's Agent's Decision before the District of Columbia's Court of Appeals will undeniably involve a review of the same issues, especially considering Count IV, wherein plaintiff have asked this Court to review the Mayor's Agent's decision while other parties have requested that  the Court of Appeals similarly review the Mayor's Agent's decision. *See* Amended Complaint at ¶¶79-80. *See* Exhibit 1.

Indisputably, Plaintiff's church will no longer be imposed with, or subjected to, landmark designation once the Mayor's Agent's Decision and Order is upheld and its church is razed.  The same issues to be adjudicated by the District of Columbia Court of Appeals are also the focus of the current federal court litigation- whether or not the continued maintenance of Plaintiff's church as a historic structure is burdensome. *See*

---

[4] First, in order to state an as applied challenge under RLUIPA, or RFRA, plaintiff must demonstrate facts that show that the District *imposed* or *implemented* its landmark designation in such a manner to substantial burden Plaintiff's free exercise of religion.  RLUIPA, like RFRA, forbids a government agency to "impose or implement a *land use regulation in a manner* that imposes a substantial burden on the religious exercise of a person," 42 U.S.C. § 2000cc(a)(1) . "For a land use regulation to impose a substantial burden, it must be oppressive to a significantly great extent. That is, a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise." *See San Jose Christian College v. City of Morgan Hill,* 360 F.3d 1024, 1034 (9th Cir. 2004) *Guru Nanak,* 456 F.3d at 988.  The Plaintiff's temporary restriction in its ability to use it church does not constitute a substantial burden, or significantly great restriction under the Free Exercise Clause, RLUIPA or RFRA.

Complaint *compare with* Mayor's Agent's Decision and Order, generally.   While

Plaintiff's federal complaint does assert a facial challenge, which was not at issue before

the Mayor's Agent, Plaintiff's facial challenge does not destroy the "parallel" nature of

the local and federal court proceedings.  Moreover, the plaintiff has no viable facial

challenge because, as the Mayor Agent's Decision and Order demonstrates, the basic

premise of plaintiff's facial challenge to the District's landmarking laws is fundamentally

flawed, as discussed *supra*.

Now that the Mayor's Agent's Decision and Order has now been appealed before

the Court of Appeals, it is also positioned for cross-appeal by the plaintiff.  This Court,

and potentially the D.C. Court of Appeals, may adjudicate the same issues, some

constitutional, between the same parties.  The federal proceedings and local proceedings

are essentially parallel, they may continue to be adjudicated in two (2) different forum,

one federal - the United States District Court for the District of Columbia and potentially,

one local- the D.C. Court of Appeals.  The parallel nature of the two proceedings satisfies

the first part of two part inquiry under *Colorado River* doctrine and this Court should

exercise its discretion to abstain from rendering a decision that may be mooted by the

ultimate relief that is obtained by Plaintiff.

In addition, the second prong of the two part inquiry is satisfied under the

*Colorado River* doctrine- exceptional circumstances do exist that warrant abstention in

this case.  To expend judicial resources on the adjudication of a matter when local

proceedings could ultimately moot Plaintiff's claims would undeniably lead to financial

and administrative waste and inconvenience to the federal court.  Now that the Mayor's

Agent decision has been appealed to the D.C. Court of Appeals, two different forum

could potentially be interpreting and deciding First Amendment, RLUIPA, RFRA issues as they relate to Plaintiff's claims, potentially reaching inconsistent results.  This Court should find, as the Seventh Circuit found in *Tyrer*, that exceptional circumstances exist when there is a possibility that one court will resolve an issue differently and create a conflict between the two forums. *See Tyrer*, 456 F.3d at 755-56.  As stated, piecemeal litigation would undoubtedly occur, given the Mayor's Agent's Decision and Order, the Court of Appeals' potential decision affirming the order could essentially moot Plaintiff's federal claims.  Plaintiff's church will no longer be imposed or subjected to landmark designation once its church is razed.

Furthermore, other factors also weigh in favor of finding that exceptional circumstances do exist that warrant abstention in this case.  The Plaintiff's action in the local forum was filed first and the local matter has a massive administrative record for the potential appeal before the Court of Appeals.   Plaintiff's First Amendment, RLUIPA or RFRA claims are a part of the administrative record before the Mayor's Agent, preserving Plaintiff's claims, which also weighs in favor of abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23-27 (1983)(whether the state action will adequately protect the federal plaintiff's rights).

The circumstances of the present case clearly meet the two part test announced in *Colorado River* and justify this Court's application of the abstention doctrine.  As previously stated, if Plaintiff razes its church, it will no longer be a historic landmark. Plaintiff's as applied challenge as to its landmark designation would be moot if the Mayor's Agent's decision stands by operation of law.  Plaintiff's requested relief, namely "a preliminary and permanent injunction ordering Defendants to rescind the landmark

designation . . .and for enforcing the Brutalist building's designation as a historic landmark" will be moot. *See* Complaint at pg. 18 (Request for Relief at pg. 17).

The Third Circuit dismissal of plaintiff's First Amendment and Free Exercise Clause RLUIPA claims on mootness grounds in *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch,* is instructive.  *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 256-57(3d Cir. 2007).   *Lighthouse Institute for Evangelism, Inc.,*  a religious organization, purchased property in downtown Long Branch which was subject to City of Long Branch Ordinance 20-6.13 and which enumerated a number of permitted uses, of which church was not listed as a permitted use.  *See Lighthouse Institute for Evangelism, Inc.* 510 F.3d  at  256-57.  A subsequent comprehensive redevelopment plan superseded the ordinance and Third Circuit determined that it did not contain the same objectionable features as the ordinance. *Id.* at 258. Lighthouse filed a claim alleging that the city zoning ordinance and redevelopment plan prevented them from establishing a church in the downtown area in violation of the Free Exercise Clause of the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id.* at 257.  The Third Circuit determined that where a regulation is challenged as invalid on its face, "if an amendment removes those features ... being challenged by the claim, any claim for injunctive relief becomes moot as to those features." *Id*. at 260 citing *Nextel West Corp. v. Unity Twp.*, 282 F.3d 257, 262 (3d Cir. 2002).  Therefore, since the redevelopment plan superseded the Ordinance in all relevant respects, its enactment mooted Lighthouse's claims for injunctive relief based on the facial invalidity of the Ordinance. *See Lighthouse Institute for Evangelism*, 510 F.3d at 260.

*Lighthouse* is similar to the case at bar, insofar as the decision by the Mayor's Agent to grant the Plaintiff's permit application for demolition supersedes the landmark designation by the HPRB.   The subsequent decision and order of the Mayor's Agent in this case removed those features being challenged by the claim, and therefore, following the Third Circuit's line of reasoning, any claim for injunctive relief thus becomes moot as to those features.

Similarly, in *Grano v. Barry*, the D.C. Circuit Court determined that the grant of injunction against the demolition of a historic landmark was mooted by a referendum securing the preservation of the historic landmark.  The Court found that because of the passage of a referendum secured the preservation of the building at issue as a historic landmark,  the issues "lost . . . [their] character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48, 2 (1969).  The Circuit also found that  the "case does not fall within the "capable of repetition, yet evading review" exception. *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)."

Hereto, this Court should similarly find that if the Mayor's Agent's decision allowing the destruction of the historic landmark stands by operation of law, the Plaintiff's claims challenging the landmark are moot.  There would be no live controversy on the issue of landmark designation, if the landmarked church ceased to exist.  The present facts justify abstention in favor of the local law given the potential mootness of Plaintiff's claims.[5]

---

[5] Alternatively, the Court can the stay proceedings under Fed. Rule of Civil Procedure 7(b) which allows the filing of a motion for "relief or order sought"- the relief sought being abstention until the conclusion of local proceedings before the Court of Appeals. *See* Fed. Ct. Rule 7(b).

**C.     Plaintiff's First Amendment,  RLUIPA and RFRA As Applied Claims As to the Zoning Commission, HPRB (16th Street Historic District), and DCRA Should Be Dismissed Because Plaintiff's Claims Are Not Ripe.**

Under the ripeness doctrine, "Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (citations and internal quotation marks omitted). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (*quoting Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). A federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendant's putatively illegal action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

The Court must determine the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Nevada v. Department of Energy*, 457 F.3d 78, 84 (D.C. Cir. 2006) (quoting *Eagle-Picher Indus., Inc. v. EPA*, 759 F.2d 905, 915 (D.C. Cir. 1985)). The Supreme Court has concluded that to determine ripeness, a court must consider "(1) whether delayed review would cause hardship to the plaintiff[;] (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual

development of the issues presented." *Nevada*, 457 F.3d at 84 (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

In Plaintiff's Amended Complaint, the plaintiff essentially asks this Court to grant it an exemption from the District's regulatory process before the Zoning Commission, HPRB and DCRA, which has not yet begun. *See* Amended Complaint at 58F.  Plaintiff's claims are not ripe for adjudication, as plaintiff has not applied, or pled that they have applied for a PUD before the Zoning Commission, a building permit to build its church yet before DCRA, or presented architectural plans for construction of its new building before the HPRB. *See* Amended Complaint at 58F.  Therefore, Plaintiff's claims are not ripe for adjudication as they have suffered no injury, or impermissible delay in the regulatory process which has yet to begin.

Moreover, the so-called "conditions" referenced in the Amended Complaint, are actually a part of the District's normal regulatory process for the new church building and PUD that the plaintiff[6] has represented that it wants to build.  *See* Mayor's Agent's Decision and Order at 25 and 26 (It [the new church] may be built  . . .as described in Exhibit B to the Ground Lease , or   . . . as described in Exhibit C]*, see* Amended Complaint, generally.  Even if plaintiff's church were not landmarked, it still would be required to seek a permit to raze its building and construct a new one. *See e.g.* § 6-641.09(a).  Plaintiff has not alleged that this process is not a part of the routine, normal regulatory process for new construction.  *See* Amended Complaint, generally.  Plaintiff fails to appreciate that under RLUIPA, religious institutions  do not have "immunity from land use regulation, nor does it relieve religious institutions from applying for variances,

---

[6] As distinguished from ICG, the developer.

special permits, or exceptions, hardship approval or other relief in land use regulations, *where available without discrimination* or unfair delay." 146 CONG. REC. S7774-01, S 7776 (daily ed. July 27, 2000).   "Law accommodates religion; it cannot wholly exempt religion from the reach of law" *United States of America v. Friday*, 525 F.3d 938, 959 (10th Cir. 2008).

> **D.   Plaintiff's First Amendment, RLUIPA and RFRA As Applied Claims As to the 16th Street Historic District Are Beyond the Statute of Limitations.**

Plaintiff's Amended Complaint now asserts an as applied challenge to the District's designation of 16th Street as historic district, which the plaintiff claims subjects it to historic preservation review "because the project is located within the 16th Street Historic District".  *See* Amended Complaint at 58F.   Any First Amendment/§ 1983 claims and federal statutory claims are time barred under the applicable three year statute of limitations and/or laches. *See Owens, et al. v. Okure* 488 U.S. 235, 249-250 *(*1989) (finding that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.)  Plaintiff has pled that its existing property has been located at its site for over 20 years, and that site has been in a historic district since 1978[7]. *See* Amended Complaint at 16.  Therefore, plaintiff was aware, or should have been aware that because its existing church was located in a historic district as of 1978, that historic

---

[7] The defendants respectfully request that this Court take judicial notice that the 16th Street Historic District been recognized as a historic district by the National Park Service, Department of the Interior since 1978. *See* nps.gov.

preservation review was required, but it never challenged the historic district designation

and its review until now. *See Id.*


      **E.**     **This Court Has No Jurisdiction Over Agency Appeals, Therefore, As**
                **a Matter of Law, Count IV "Appeal of Defendant Mayor's Agent**
                **Decision and Order" Should be Dismissed.**

      As further evidence that the plaintiff seeks to use the federal court system as a

super land use appeals board, plaintiff improperly seeks an appeal of the Mayor's Agent's

Decision and Order with this Court. *See* Amended Complaint at ¶¶79-80.   This Court has

no jurisdiction to entertain an appeal of the Mayor's Agent's Decision and Order.  The

jurisdiction to adjudicate such appeals vests within the exclusive authority and

jurisdiction of the District of Columbia Court of Appeals. *See* D.C. Official Code §2-510;

District of Columbia Court of Appeals Rule 15 (a)(1)("Review of an agency order or

decision is commenced by filing with the Clerk of this Court . . . ." ).

      **F.**     **As The Mayor Agent's Order Demonstrates, the Plaintiff's**
                **Facial Challenge Also Fails Because the District's**
                **Landmarking Laws Do Allow For Consideration of  the Effect**
                **of Landmarking on Religious Institutions**.

      Plaintiff's facial challenge of the District's landmarking laws under the

"overbreadth doctrine" also fails as a matter of law.  First, District law accommodates

those landowners who seek to amend or revoke landmark designation. *See* 10A DCMR §

221.1.  Therefore, any affected person, including a religious landowner, has the right,

under District law, to apply to amend or revoke a landmark designation.

      Second, the Mayor's Agent's Order demonstrates the constitutionality of the

District's  application of it's landmarking laws on religious institutions, and

underscores the lack of substantial risk that the District's landmarking laws will lead to unconstitutional application.  Under an "overbreadth" challenge, a law may be overturned as impermissibly overbroad under the First Amendment only if a "substantial number" of its applications are unconstitutional, "'judged in relation to the statute's plainly legitimate sweep.'" *New York v. Ferber*, 458 U.S. 747, 769-771, (1982) *quoting See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).  As the Supreme Court said in *Broadrick*, applying the overbreadth doctrine is "strong medicine" which should be "employed by the Court sparingly and only as a last resort.":

> [F]acial challenges are best when infrequent. [F]acial adjudication carries too much promise of "premature interpretatio[n] of statutes" on the basis of factually barebones records. [N]ot only do [such challenges] invite judgments on fact-poor records, but they entail a further departure from the norms of adjudication in federal courts[.] Accordingly, we have recognized the validity of facial attacks alleging overbreadth (though not necessarily using that term) in relatively few settings, and, generally, on the strength of specific reasons weighty enough to overcome our well-founded reticence.

*Id*. at 615 (citations omitted). *See also Sabri v. United States*, 541 U.S. 600 (2004).

The Mayor's Agent's Order demonstrates that the basic premise of plaintiff's facial challenge to the District's landmarking laws is fundamentally flawed. District law, and specifically the Historic Preservation Act, allows for improvements of landmarks and expressly encourages *"their adaptation for current use"*. *Id; see* D.C. Code §6-1101 (b)(1)(A) 10A DCMR § 2002.3(a). Therefore, if a religious institution seeks to adapt their structures for current use "in furtherance of their religious beliefs", they have grounds to seek such adaptation under the plain language of the Historic Preservation Act and its implementing regulations.

Plaintiff asserts that under applicable law, the Mayor's Agent does not consider RLUIPA, RFRA or the First Amendment in his or her analysis." under the HPA and applicable law.  *See* Amnded Complaint at ¶51.  Plaintiff requests a "declaration that the landmarking process in the District of Columbia is illegal and unconstitutional on the grounds that it fails to consider or apply the religious liberty protections afforded by the First Amendment, RLUIPA and RFRA." *See* Complaint at 18.  No District law[8] prohibits considerations that would substantially burden the Plaintiff's Free Exercise of Religion, as the Mayor's Agent's Decision and Order demonstrates. *See* the Mayor's Agent's Decision and Order, generally.

Under the HPA, a religious institution that seeks to alter or demolish their structure in furtherance of their religious mission, has clear grounds to do so under District law, as evidenced by the Mayor's Agent's Decision and Order.  *See* D.C. Code §§6-1101 (b)(1)(A), §§6-1104-5, 10A DCMR §§ 403.4, 407.1(a). As the Mayor's Agent stated so succinctly in her decision and order, "Throughout its history, this congregation has manifested an unwavering intent to remain where it is.  Its location is its mission. To leave the areas it has served since 1918 would be tantamount to its destruction. Yet, to remain in its present building would have the same result."  Decision and Order at pg. 21.

---

[8] Moreover, the District's landmarking laws allow for the consideration of the *effect* of landmarking on all structures, including religious institutions. *See* 10A DCMR § 213.1, 10A DCMR §217.1 *See also* 10 DCMR § 221.1 (allowing for the amendment or revocation of a landmark designation).  District law is extremely broad with respect to what information the Historic Preservation Review Board (hereinafter "HRPB") can receive in considering landmark designation and offers a number of administrative accommodations and avenues for any landowner, including a religious landowner, to address the effect of the landmark designation on their property. *See* 10A DCMR §213.1, 10A DCMR §217.1, D.C. Code §§6-1104-5, 10A DCMR §§ 403.4, 407.1(a).

Clearly, District law considers the effect of implementing landmark designation on structures, including religious structures, by considering the following factors for alteration or demolition of a historic landmark: whether (1) the permit is necessary in the public interest because it is consistent with the purposes of the HPA ("adaptation of the structure for current use"); (2) the permit is necessary in the public interest in order to construct a project of special merit; and/or (3) that denial of the permit will cause an unreasonable economic hardship to plaintiff. *See* D.C. Code §§6-1104-5, 10A DCMR §§ 403.4, 407.1(a). Therefore, if a religious institution's non adaptation would cause an unreasonable economic burden or hardship, or that religious institution's adaptation is necessary in the public interest, that institution would have grounds to seek alteration or demolition under the current statutory and regulatory framework of District law.

Under the current statutory and regulatory framework, the Mayor's Agent is required to consider whether a "failure to issue a permit will result in unreasonable economic hardship to the owner". *See* D.C. Code §§6-1104-5, 10A DCMR §§ 403.4, 407.1(a). The Mayor's Agent's Decision and Order was based, in fact, on that finding. The Mayor's Agent concluded that:

> the Applicant has satisfied its burden of proof that denial of a demolition permit to raze a building that is a designated landmark listed on the District of Columbia Inventory of Historic Sites, known as the Third Church of Christ, Scientist, Washington, DC and located at 900 16th Street, NW (Square 185, portion of Lot 41), will cause an unreasonable economic hardship to the Applicant

Decision and Order at pg. 27.

Finally, if continued maintenance of a landmark building is deemed too onerous for a religious institution, District law affords the Mayor's Agent with final decision making authority over the disposition of landmarked buildings under the Historic

Protection Act. *See e.g N Street Follies Ltd. Partnership v. District of Columbia Bd. of Zoning Adjustment* 949 A.2d 584, 589 (D.C.2008).  Any landmarked building can cease to lose its status if the Mayor's Agent allows the landmarked building to be razed.  That process, and the Mayor's Agent's Decision and Order demonstrates, that District law allows for the removal of landmarked features that could serve to substantially burden the Plaintiff's Free Exercise of Religion, as the Mayor's Agent's Decision and Order demonstrates.

## CONCLUSION

For all the foregoing reasons, the defendants respectfully request the dismissal of all of Plaintiff's claims raised in its Amended Complaint. In the alternative, the defendants respectfully request this Court to abstain from adjudicating this matter for a period of time, by staying the proceedings until final resolution before the District of Columbia Court of Appeals under Federal Rule of Civil Procedure 7(b).  Two alternative orders are attached for the Court's consideration and review- one order for dismissal, and a second order for abstention for a period of time- until final resolution of HPA No. 08-141, and dismissal thereafter on mootness grounds if the Mayor's Agent's Decision and Order is upheld.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of

Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation
Division

_____/s/____Ellen Efros__
ELLEN EFROS [250746]
Assistant Deputy Attorney General, Civil
Litigation Division

_/s/____Leah Taylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295
leah.taylor@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                          )
**Third Church of Christ, Scientist**   )
**Washington, D.C.**                    )
**900 16ᵗʰ Street NW**           )
**Washington, DC 20006**      )
                          )
        **Plaintiff,**          )
                          )
        **v.**                  )
                          )   **Civil Action No. 08-01371  (JR)**
**District of Columbia Historic**   )
**Preservation**                )
**Review Board et al.**        )
**801 North Capitol Street NE**   )
**Washington, DC 20002**      )
                          )
                          )
        **Defendants.**      )
_____ )

ORDER

Upon consideration of the Defendants Historic Preservation Review Board's and District of Columbia's Motion to Dismiss the Complaint, the memorandum of points and authorities in support thereof, any opposition thereto, the facts, the law and the record herein, it is this _____day of _____2009, and it is,

**ORDERED:** that the Defendants' Motion to Dismiss is hereby **GRANTED** for the reasons set forth in their motion; and it is,

**FURTHER ORDERED:** that the complaint in Civil Action No. 08-01371 is hereby **DISMISSED.**

_____

Judge Robertson
United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **Third Church of Christ, Scientist** | ) |
| **Washington, D.C.** | ) |
| **900 16th Street NW** | ) |
| **Washington, DC 20006** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **Civil Action No. 08-01371  (JR)** |
| **District of Columbia Historic** | ) |
| **Preservation** | ) |
| **Review Board et al.** | ) |
| **801 North Capitol Street NE** | ) |
| **Washington, DC 20002** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |


ORDER

Upon consideration of the Defendants Historic Preservation Review Board's and

District of Columbia's Motion to Dismiss the Complaint, the memorandum of points and

authorities in support thereof, any opposition thereto, the facts, the law and the record

herein, it is this _____day of _____2009, and it is,

**ORDERED:** that the Defendants' Motion to Dismiss is

hereby **GRANTED** for the reasons set forth in their motion; and it is,

**FURTHER ORDERED** that the proceedings are hereby stayed until final

resolution of HPA No. 08-141 before the District of Columbia Court of Appeals and it is,

**FURTHER ORDERED:** this matter is DISMISSED as MOOT if the District of

Columbia Court of Appeals affirms the Mayor's Agent's Order.

_____
Judge Robertson
United States District Court Judge