UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Third Church of Christ, Scientist,<br>Washington, D.C.<br>900 16th Street, N.W.<br>Washington, D.C.  20006<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>District of Columbia Historic Preservation<br>Review Board<br>801 North Capitol Street, N.E.<br>Washington, D.C.  20002<br><br>　　　　　and<br><br>The District of Columbia<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006<br><br>　　　　　and<br><br>Harriet Tregoning, Mayor's Agent<br>for Historic Preservation<br>2000 14th Street, NW, 4th Floor<br>Washington, D.C. 20009<br><br>　　　　　Defendants | Civil Action No. 08-01371 (JR)<br><br>**ORAL HEARING REQUESTED** |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND/OR IN THE ALTERNATIVE, A MOTION TO STAY
PROCEEDINGS UNDER THE ABSTENTION DOCTRINE**

　　　　As described in Plaintiff's initial Memorandum in support of its Motion to Strike, filed

September 3, 2009 (Docket #41), the Defendants raised their "Substantial Burdens" argument for

the first time in their Reply Memorandum in support of Defendants' Motion to Dismiss and/or in

the Alternative, a Motion to Stay Proceedings Under the Abstention Doctrine (Docket #40). As the D.C. Circuit has held, "[c]onsidering an argument advanced for the first time in a reply brief . . . is not only unfair to an appellee, but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986).

Defendants respond by arguing that Plaintiff failed to meet the requirements of Local Rule 7.1(m), which requires a good faith attempt to confer with opposing counsel. Defendants Opposition to Plaintiff's Motion to Strike Their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and/or In the Alternative, a Motion to Stay Proceedings Under the Abstention Doctrine (hereinafter "Def. Opp.") at 1-2 (filed Sept. 18, 2009). Plaintiff did fail to include such a statement on September 3, 2009 but corrected this omission <u>2 business days</u> later on September 8, 2009. *See* Errata, Certificate of Communication with Adversary by Third Church of Christ, Scientist, Washington, D.C. Motion to Strike Reply to opposition to Motion (Docket #42). (Defendants filed their opposition on September 18, 2009.) As Defendants recognize, although the underlying Motion—which this Motion is related to—is a dispositive motion, counsel for Plaintiff did (belatedly) consult with opposing counsel concerning the Motion to Strike on September 8. Def. Opp. at 2. Undersigned Counsel apologizes to the Court and to opposing counsel for this error.

The Court may, in its discretion, consider a motion that does not meet the technical requirements of Local Rule 7.1(m). *See Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, (D.D.C. 2001) ("Despite plaintiff's counsel's breach of Local Civil Rule 7.1(m), the Court will deny defendant's Motion to Strike. Given the general judicial preference for resolving motions on their merits rather than dismissing them on technicalities, . . . . the Court will consider

plaintiff's Motion for Reconsideration on its merits despite her counsel's violation of Local Rule 7.1(m)."); *Campbell v. U.S. Dept. of Justice*, 231 F. Supp. 2d 1, 14 (D.D.C. 2002) ("Despite the defendant's non-compliance with [Local Civil Rule 7.1(m)], the court will in this instance proceed to assess the arguments posited by the defendant's motion.").

There is no prejudice to the Defendants in considering this Motion, as they indicated two business days later that they opposed the relief sought in the instant Motion, Errata, *supra,* Def. Mem. at 2, and there was no opportunity to "narrow the areas of disagreement." *See Shapiro, Lifschitz & Schram, P.C. v. Hazard,* 90 F. Supp. 2d 15, 18 n.4 (D.D.C. 2000) ("The Court also finds, however, that plaintiff will not be prejudiced by this noncompliance but cautions defendants to observe procedural regularities in the future."); *Leighton v. Gonzales*, 2006 WL 2583044, at *2 (D.D.C. 2006) ("Judge Kennedy denied that motion without prejudice on the ground that plaintiff failed to comply with Local Rule 7.1(m), . . . . Plaintiff subsequently consulted with defendant and amended his motion accordingly.").

Defendants also suggest that, rather than strike the sections of their Reply brief that raise new arguments, they consent to Plaintiff filing a sur-reply brief addressing such issues:

> When Plaintiff consulted with Defendants after filing the instant motion to strike, the defendants offered Plaintiff this option of filing a Surreply in lieu of a motion to strike to resolve the issue, but as of this writing, Plaintiff has failed to withdraw it's [sic] motion to strike and file a Surreply, despite being advised of its non conformance with the local rules.

Def. Opp. at 2-3.  This is the second Motion to Dismiss where the Defendants have engaged in such a strategy.  *See* Plaintiff's Sur-Reply to Defendants' Motion to Dismiss at 1 (filed Jan. 16, 2009) ("In its Reply Memorandum, however, the District raised for the first time its argument

that the facial challenges 'fail[] as a matter of law.'"). The Church should not be required to respond to an endless series of motions and briefs addressing the same issues.[1]

Defendants' attempt to shoehorn its entire case on the merits into its "Standing" argument simply because they had previously argued that Plaintiff lacks Article III injury should also be rejected. These are two separate arguments. The first (which was addressed in Defendants' initial Memorandum) is whether the Church has suffered any legally cognizable injury. The second (which was not) is whether such injury constitutes a "substantial burden on religious exercise" in violation of the First Amendment, RFRA and RLUIPA.

Plaintiff provided the Court with various examples of the harm that it is suffering as a result of Defendants' laws and actions. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss (Docket #34) at 7-8. These are more than sufficient to demonstrate harm and confer standing under Article III, which was the subject of Defendants' Motion. Defendants, however, in Reply make the <u>further</u> argument that such harms do not constitute a substantial burden on religious exercise, which is one of the central legal and factual questions presented in this case. Bootstrapping the substantial burden question onto the analysis of the standing question is not appropriate in a reply brief. It is even less appropriate to justify this tactic by suggesting that Plaintiff ask the Court for leave to file yet another sur-reply brief.

## CONCLUSION

For all the foregoing reasons, the Church respectfully requests this Court to grant Plaintiff's Motion.

---

[1] However, should the Court deny Plaintiff's Motion, Plaintiff requests leave to file a sur-reply brief addressing the new issues raised in Defendants' Reply Memorandum.

Respectfully submitted,

/s/ Roman P. Storzer
Roman P. Storzer [DC Bar 459878]
Storzer & Greene, P.L.L.C.
1025 Connecticut Avenue, N.W. - Suite 1000
Washington, D.C.  20036
(202) 857-9766


George R. Keys, Jr. [DC Bar 292722]
Jordan & Keys, PLLC
1400 16th Street, N.W. - Suite 710
Washington, D.C.  20036
(202) 483-8300

Eric Rassbach [DC Bar 493739]
The Becket Fund for Religious Liberty
1350 Connecticut Avenue, N.W. - Suite 605
Washington, D.C.  20036
(202) 349-7214

*Attorneys for Plaintiff*