**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THIRD CHURCH OF CHRIST,          :
SCIENTIST,                       :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civil Action No. 08-1371 (JR)
                                 :
DISTRICT OF COLUMBIA HISTORIC    :
PRESERVATION REVIEW BOARD, *et*  :
*al.*,                           :
                                 :
          Defendants.            :

<u>**MEMORANDUM ORDER**</u>

          Plaintiff Third Church of Christ, Scientist, is a
religious group.  Its church building, at 900 16th St. NW in the
District of Columbia, was built in 1971.  Because it is
apparently a fine example of "Brutalist" architecture, the
Historic Preservation Review Board ("HPRB") of the District of
Columbia designated it an historic landmark.  The church did not
ask for the designation, and, but for the honor of the thing,
would rather do without it.  The church says of its own building
that it is "widely criticized as the most unfriendly and
depressing piece of spiritual architecture in the city."  Am.
Compl. ¶ 1 (internal quotation marks omitted).

          In fact, the church wants to demolish the building and
put up a new one.  It applied to HPRB for a raze permit, as it
had to, <u>see</u> D.C. Code § 6-1104, seeking a favorable
recommendation to the Mayor's Agent, who is empowered to issue a

final decision.  See id.  The HPRB's recommendation was
unfavorable.

While its application was pending before the Mayor's
Agent, the church filed the instant suit, seeking declaratory and
injunctive relief under the Religious Land Use and
Institutionalized Persons Act ("RLUIPA"), the Religious Freedom
Restoration Act ("RFRA"), and the Free Exercise clause of the
Constitution.  Then, on May 12, 2009, the Mayor's Agent issued a
decision granting the raze permit.  The grant was conditioned,
however, on regulatory approval of the construction of a new
church on the site.  Two entities interested in historic
preservation in Washington — the D.C. Preservation League and the
Committee of 100 on the Federal City — petitioned the D.C. Court
of Appeals for review of that decision.  In this court, the
church filed an amended complaint on May 21, 2009, objecting to
the conditional nature of the permit.  See Dkt. 32.  Defendants
then filed the instant motion, seeking dismissal — arguing in the
alternative either that the church lacks Article III standing,
that this court should abstain under Colorado River, or that this
court should at least stay further proceedings, pending the
decision of the D.C. Court of Appeals, before which many of the
issues raised in this case are being litigated.  See Dkt. 34.

Dismissal is not appropriate at this time.  To
establish Article III standing, a plaintiff must show concrete

- 2 -

injuries, personal to itself, that are fairly traceable to the
defendants' conduct, and that are likely to be redressed if the
relief sought is granted.  See Diamond v. Charles, 476 U.S. 54,
70 (1986).  The church asserts that it will suffer financially
because of the condition on the raze permit.  Defendants argue
that no harm can occur, because the church must inevitably face
the approval process anyway.  That argument does not work.  The
costs and delays associated with building a new church may be
inescapable, but further delay in demolishing the existing church
imposes real costs, too, including the significant costs of
maintenance.  The church thus has standing.

Colorado River abstention is not appropriate, either.
I have already declined abstention on other asserted grounds, see
Dkt. #6 (minute entry of 4/7/09).  Colorado River counsels
abstention to avoid parallel, duplicative litigation in the
interests of conservation of judicial resources and comprehensive
disposition of litigation.  See Colorado River Conservation Dist.
v. United States, 424 U.S. 800, 817 (1976).  Nevertheless,
federal courts have a "virtually unflagging obligation . . . to
exercise the jurisdiction given to them," id., and defendants
concede that a number of the factors that a court must consider
in a Colorado River analysis do not weigh in favor of dismissal –
the federal law issues in this case, the convenience of the
federal forum, and the absence of property over which another

court has assumed jurisdiction.  Moreover, while order of filing
is not dispositive, it is significant that the federal action was
filed first.  Avoiding piecemeal litigation is desirable, but the
dismissal is not justified.

Defendants' motion for a stay is more persuasive.
Allowing the parties to proceed before the D.C. Court of Appeals
will avoid wasteful efforts.  See Bledsoe v. Crowley, 849 F.2d
639, 645 (D.C. Cir. 1988) ("The power to stay proceedings is
incidental to the power inherent in every court to control the
disposition of the causes on its docket with economy of time and
effort for itself, for counsel, and for litigants." (quoting
Landis v. N. Am. Co., 299 U.S. 248, 254 (1936))).  Plaintiff's
claims may or may not be "essentially . . . mooted" by the D.C.
proceeding, as defendants suggest, but allowing the D.C. case to
proceed to its conclusion will serve at least to clarify any
issues that may remain for this court.  Further, allowing the
D.C. litigation to proceed without federal interference promotes
comity and avoids the unattractive possibility of this court's
serving as a shortcut through the District's regulatory system.
A stay, unlike a dismissal, preserves the church's access to a
federal forum.  It does not solve the church's cash problem, to
be sure, but those costs have not been shown to be so great as to
overcome the complications that would ensue if this case were to
proceed in parallel with the D.C. case.

- 4 -

## Conclusion

It is **ORDERED** that all further proceedings in this case are **STAYED** pending the resolution of the proceedings in the D.C. Court of Appeals.


                              JAMES ROBERTSON
                         United States District Judge